IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:18cr280-MHT |
| | ) | (WO) |
| JOHN COURTNEY WRIGHT, II | ) | |

OPINION AND ORDER

Defendant John Courtney Wright, II was indicted on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Before the court is the magistrate judge's recommendation to deny Wright's motion to suppress incriminating statements allegedly obtained in violation of his *Miranda* rights. *See Miranda v. Arizona*, 384 U.S. 436 (1966). Wright objected to the magistrate judge's recommendation as to the statements.* Pursuant to 28 U.S.C. § 636(b)(1), the district court judge must make a *de novo* determination of any disputed portion of a magistrate judge's

------

* Wright concedes that the magistrate judge correctly denied his motion to suppress evidence found in a search of his home.

recommendation on a motion to suppress. *See United States v. Powell*, 628 F.3d 1254, 1256 (11th Cir. 2010). As explained below, in exercising this *de novo* review, the court will conduct its own evidentiary hearing before ruling on the disputed suppression issue.

The following facts are undisputed: Wright underwent two custodial interrogations by law enforcement officers on January 22, 2017. Covington County Deputy Sheriff Greg Jackson conducted the first interrogation at the Covington County Jail. Deputy Jackson neither obtained a written *Miranda* waiver, nor made an audio or video recording of the interrogation. He testified at the suppression hearing before the magistrate judge that he advised Wright of his *Miranda* rights, that Wright voluntarily waived those rights, and that Wright then made incriminating statements. By contrast, Wright testified at the suppression hearing that Deputy Jackson did not advise him of his *Miranda* rights, that he did not waive those rights, and that he invoked his right to counsel.

Later on January 22, Deputy Jackson and a special agent from the Bureau of Alcohol, Tobacco, Firearms, and Explosives interrogated Wright, this time at the Covington County Sheriff's Office. It is undisputed that during this second interrogation, Carpenter *Mirandized* Wright, that Wright waived his *Miranda* rights, and that Wright made incriminating statements. Unlike the first interrogation, however, the second interrogation was recorded on video and Wright signed a written waiver of his *Miranda* rights.

Wright seeks to suppress his statements made both during the first and second interrogation. His argument as to his concededly *Mirandized* statements during the second interrogation is that because he invoked his right to counsel during the first interview, all interrogation needed to cease until he either reinitiated communication with the police or was provided counsel, neither of which occurred. *See Edwards v. Arizona*, 451 U.S. 477, 484-85 (1981). At oral argument before this court, the government

3

conceded that if he is found to have invoked his right to counsel during the first interrogation, then the statements made during the second interrogation would need to be suppressed unless Wright was provided counsel or had personally re-initiated communication with law enforcement.

In sum, whether to suppress the statements from both the first and second interrogations essentially hinges on whether the court believes the conflicting testimony of Wright or Deputy Jackson about the first interrogation. The magistrate judge found "the testimony of Deputy Jackson credible over that of Defendant" Wright, and therefore determined that, during the first interrogation, Deputy Jackson *Mirandized* Wright, and that Wright did not invoke his right to counsel. M.J. Rec. (doc. no. 39) at 12. Accordingly, he recommended that the motion to suppress statements made during both the first and second interrogations be denied.

For reasons that will be explained in the opinion that ultimately resolves this suppression motion, the court--after reviewing the record and hearing oral argument--has doubts about the magistrate judge's credibility determination, and whether the government has met its burden of proving that Wright waived his *Miranda* rights. To resolve these doubts, the court would significantly benefit from hearing witnesses' live testimony. Additionally, as discussed at oral argument, a new hearing will allow the parties to potentially present evidence concerning Deputy Jackson's and his department's practices of documenting *Miranda* warnings and waivers. Finally, if the court were to ultimately reject the magistrate judge's credibility determination, it may be required as a matter of law to do so after a *de novo* hearing. *See United States v. Cofield*, 272 F.3d 1303, 1306 (11th Cir. 2001) (stating that except in the "rare case," a "district court must rehear the disputed testimony

before rejecting a magistrate judge's credibility determinations").

Therefore, the court will hold an evidentiary hearing so as to hear all the evidence anew, including any old and new admissible evidence the parties want to present and including but not limited to evidence as to these two issues: During the first interrogation, (1) did Deputy Jackson *Mirandize* Wright, and (2) did Wright invoke his right to counsel? The court will set the hearing for May 16, 2019, to afford the parties time to gather evidence discussed during oral argument.

***

Accordingly, it is ORDERED that defendant John Courtney Wright, II's motion to suppress (doc. no. 24) is set for a *de novo* evidentiary hearing on May 16, 2019, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 4th day of April, 2019.

    /s/ Myron H. Thompson
    **UNITED STATES DISTRICT JUDGE**