IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:18cr280-MHT |
| | ) | (WO) |
| JOHN COURTNEY WRIGHT, II | ) | |

OPINION AND ORDER

This case is before the court on a contingent oral motion to continue by defendant John Courtney Wright, II. For the reasons set forth below, the court finds that jury trial, now set for May 20, 2019, should be continued pursuant to 18 U.S.C. § 3161(h).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or

> indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Wright in a speedy trial. The magistrate judge recommended that Wright's motion

to suppress be denied.  At oral argument before this court on the suppression motion, counsel for Wright represented that, if the court ordered a new evidentiary hearing on the motion, he would need a continuance of the trial, and was so moving contingently.  The court subsequently ordered the new evidentiary hearing and set it for May 16, 2019.  Because the May 20 trial date would not give the court enough time to resolve the suppression motion after the hearing, or for the parties to prepare for trial in light of the suppression ruling, the court concludes that a continuance is warranted.  Furthermore, the 70-day period under the Act excludes any period of delay "resulting from any pretrial motion." § 3161(h)(1)(D).  Finally, the government does not oppose a continuance.

***

Accordingly, it is ORDERED as follows:

(1) The oral motion to continue by defendant John Courtney Wright, II, made in open court on April 3, 2019, is granted.

(2) The jury selection and trial for defendant Wright, now set for May 20, 2019, are reset for June 24, 2019, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 4th day of April, 2019.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**